**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LOUIS A. MANDARINI, III, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' BENEFIT FUNDS, <br>  Plaintiff, <br> <br> v. <br> <br> NASDI, LLC, <br>  Defendant, <br> <br> and <br> <br> BANK OF AMERICA, <br>  Trustee. | C.A. No. |

**VERIFIED COMPLAINT**

**NATURE OF ACTION**

1.      This is an action brought pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, by employee benefit plans to enforce the obligations to make contributions and pay interest due to the plans and to submit to an audit under the terms of a collective bargaining agreement and the plans.

2.      The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. § 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

## **PARTIES**

3.      The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3).  It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants.  The Massachusetts Laborers' Benefit Funds administers the Fund at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

4.      The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  It provides participants with a defined pension benefit.  The Massachusetts Laborers' Benefit Funds administers the Fund at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5.      The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A).  This Fund is a defined contribution fund.  The Massachusetts Laborers' Benefit Funds administers the Fund at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6.      The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1).  This Fund trains apprentices and journey workers in the construction industry.  The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7.      The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1).  The Fund is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8.      The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37).  They are hereinafter collectively referred to as "the Funds."  The Funds are third party beneficiaries of the collective bargaining agreements between Defendant NASDI, LLC ("NASDI") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9.      Louis A. Mandarini, III is the Executive Director of the Massachusetts Laborers' Benefit Funds, located at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.  Among other things, Mr. Mandarini serves as the collection agent for the Funds, and the other funds and dues set forth below.  In this capacity, Mr. Mandarini has authority and control over collecting fund contributions and is a fiduciary within the meaning of § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10.     Defendant NASDI is a corporation with a principal place of business at 39 Olympia Avenue, Woburn, Massachusetts and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.  Its Registered Agent is listed as Incorp Services, Inc. at 44 School Street, Suite 505, Boston, Massachusetts.

11.     On information and belief, Bank of America is a banking institution holding assets of the Defendant.

## GENERAL ALLEGATIONS OF FACT

12.     On or about April 30, 2009, NASDI agreed in writing to be bound to the terms of the Acceptance of Agreement(s) and Declarations of Trust establishing Plaintiff Funds to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds, and to any successor agreements.  A true and accurate copy of NASDI's signed Acceptance of

Agreement(s) and Declarations of Trust ("Acceptance of Agreements") is attached hereto as Exhibit A.

13.     Because of the Acceptance of Agreements, NASDI is party to the Massachusetts State-Wide Wrecking and Environmental Remediation Agreement between the Union and the Massachusetts Building Wreckers' and Environmental Remediation Specialists Association, Inc. (the "CBA"), as well as the collective bargaining agreements between the Union and other contractor associations, all of which are listed on Exhibit A.  All of the agreements' terms that are relevant to this case are materially the same as those contained in the CBA.  A copy of the relevant pages of the 2016-2020 CBA is attached hereto as Exhibit B.  The Parties to the 2016-2020 CBA extended all its terms through August 31, 2020 and the wage and benefit rates through November 30, 2020.

14.     The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein by the 20th of the month following the month in which the work was performed.  Ex. B at 16-19.

15.     The CBA also requires employers to remit contributions to the New England Laborers' Health and Safety Fund, the New England Laborers' Labor-Management Cooperation Trust, the Massachusetts Construction Advancement Program, and the Massachusetts Laborers' Unified Trust (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates.  Further, it specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds.  Id. at 11-13, and 19-23.

16.     The Massachusetts Laborers' Benefit Funds collect the contributions owed to all of the ERISA and non-ERISA Funds and the dues owed to the Union.

17.     All employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs to collect the delinquency.  Id. at 26-27.

18.     Signatory contractors such as NASDI are obligated to submit remittance reports each month, on which they list the hours worked by their employees and calculate the amount of contributions due the Funds for all work performed by their employees in a given month.  They are also required to submit to periodic payroll audits of their related records.

19.     The payroll audit, whereby the Funds' auditor reviews pertinent employment and payroll records of the signatory contractor for a given period of time, is necessary to establish that laborers' hours have been accurately accounted for and that the correct payments have been made by the contractor.  The payroll audit is the most reliable means of determining whether additional contributions are owed to the Funds, and, if so, the extent of the liability.

20.     Article XX, Section 5 of the CBA explicitly addresses the contractual right of the Funds to audit an Employer's payroll records.  Id. at 27.

21.     NASDI has failed to submit contributions and reports in a timely manner for the months of June through August 2020, and pursuant to preliminary reports submitted to the Funds by NASDI's outside accountant, owes the Funds at least $79,145.82 in contributions for this time period.  On information and belief, NASDI employed laborers for work covered by the CBA during these months.

22.     In addition, NASDI owes $5,389.39 in interest on contribution payments that were previously paid late.

23.     The Funds have requested that NASDI schedule an audit but have not been able to schedule an audit thus far.

## COUNT I - VIOLATION OF ERISA

24.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 23 above.

25.     The failure of NASDI to make payment of all contributions and interest owed to Plaintiff Funds on behalf of all covered employees, and to comply with the Funds' demand for an audit, violates § 515 of ERISA, 29 U.S.C. § 1145.

26.     Absent an order from this Court, NASDI will continue to ignore its obligations to remit the contributions and interest it owes to the Funds, and to comply with an audit.

27.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

28.     Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 27 above.

29.     The CBA is a contract within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

30.     The failure of NASDI to pay the contributions and interest it owes, to remit the deducted dues, to submit remittance reports, to accurately report the hours worked by its employees calculate the amount of contributions due the Funds for all work performed by their employees in accordance with the CBA, and to submit to an audit violates the terms of the CBA.

**WHEREFORE**, Plaintiffs request this Court grant the following relief:

a.       Order the attachment by trustee process of the bank accounts of NASDI held by Bank of America

b.       Order the attachment of the machinery, inventory, other bank accounts and accounts receivable of NASDI;

c.       Order NASDI to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

d.       Enter a preliminary and permanent injunction enjoining NASDI from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding Paragraph;

e.       Enter a preliminary and permanent injunction enjoining NASDI from refusing or failing to pay the contributions and interest owed to the Funds;

f.       Enter judgment in favor of the Funds on Count I in the amount of all contributions due for the months of June through August 2020, plus interest on late-paid contributions, together with any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions at 10 percent per annum, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. § 1132(g)(2);

      f.      Enter judgment in favor of the Funds on Count II in the amount of any unpaid contributions and dues owed for the months of June through August 2020, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action; and

      g.      Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

LOUIS A. MANDARINI, III, as he is
EXECUTIVE DIRECTOR, MASSACHUSETTS
LABORERS' BENEFIT FUNDS,

By his Attorneys,

/s/ Nathan P. Goldstein
Nathan P. Goldstein, BBO No. 666101
Sasha N. Gillin, BBO No. 690769
Sophie C. Esquier, BBO No. 698875
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 742-0208, Ext. 253
ngoldstein@segalroitman.com
sgillin@segalroitman.com
sesquier@segalroitman.com

Dated: October 2, 2020

## VERIFICATION

I, Louis A. Mandarini, III, Executive Director for the Massachusetts Laborers' Benefit Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 2 DAY OF

OCTOBER, 2020.

**Louis Mandarini III** Digitally signed by Louis
Mandarini III
Date: 2020.10.02 08:07:36 -04'00'

Louis A. Mandarini, III

NPG/npg&ts
6306-20123/complt.doc

9